132 June 4, 2025 No. 505

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHARLES WADE PALMER, JR.,
aka Charles Wade Palmer,
*Defendant-Appellant.*

Multnomah County Circuit Court
20CR08712; A181656

Christopher A. Ramras, Judge.

Submitted May 15, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Silberman, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants, ORS 813.011. In a single assignment of error, defendant argues that the trial court erred in admitting the bottom portion of an Oregon State Police Forensics Service Request form (Form 49) because it did not meet the business records exception to the hearsay rule. *See* OEC 803(6) (setting out requirements). Assuming defendant's argument on appeal is preserved and reviewing for legal error, *Arrowood Indemnity Co. v. Fasching*, 369 Or 214, 250-51, 503 P3d 1233 (2022), we conclude that any error was harmless and therefore affirm.

Form 49 is a form requesting that the state police crime lab test defendant's blood alcohol content. The officer testified about the majority of that form, which provided the case number, the evidence number, the nature of the evidence, as well as information about the defendant and the charged crime. The bottom portion of the form was signed by a property technician who did not appear at trial.

Any error in the admission of the bottom portion of Form 49 was harmless. Defendant contends that the prosecutor relied on the form in argument, and it "constituted the state's sole evidence of an appropriate chain of custody between the police station and the crime lab." However, as the state points out, the prosecutor's argument relied on the top portion of the form filled out by the testifying witness. And the record contains sufficient evidence of the chain of custody—the officer testified that he personally handled the evidence and placed it in a locked refrigerator, and the crime lab witness testified that he received the evidence inside a box sealed with evidence tape that was dated and initialed by the testifying officer. Defendant did not present any evidence or argument challenging the link in the chain of custody transmitting the evidence from the station to the crime lab. Accordingly, any error in admitting the bottom portion of the form was harmless.

Affirmed.